UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.     Case Nos.:   3:91cr3064/RV/CJK
                    3:16cv295/RV/CJK

MICHAEL LEONARD JACKSON,

   Defendant.
_____/

REPORT AND RECOMMENDATION

Defendant Michael Leonard Jackson has filed a Motion to Correct Sentence under 28 U.S.C. § 2255 and time sensitive memorandum in support raising a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF Nos. 119, 120). The Government filed a response and motion to dismiss Defendant's motion as second and successive. (ECF No. 122). Defendant filed a reply. (ECF No. 125). The Government then filed a supplemental response addressing the merits of Defendant's motion. (ECF Nos. 126, 127). After a review of the record, the undersigned has determined that the motion is moot and should be dismissed.

BACKGROUND and ANALYSIS

On April 10, 1992, a jury found Defendant guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (*See* ECF No. 123, PSR

¶ 3).  The court determined that Defendant should be sentenced as a career offender under United States Sentencing Guideline ("U.S.S.G.") § 4B1.1(a) after adopting the findings of the Presentence Investigation Report ("PSR") which identified prior convictions for strong arm robbery, battery on a law enforcement officer, burglary, and aggravated assault.  (*See* ECF No. 123, PSR ¶¶ 20, 37, 39, 40).  The court also found Defendant to be an armed career criminal under 18 U.S.C. § 924(e) of the Armed Career Criminal Act ("ACCA").  (PSR ¶ 17).  The PSR calculated a Guideline range of 360 months to life imprisonment based on a total offense level of 37 and a criminal history category of VI.  (PSR ¶ 66).  The PSR classified the conviction as a Class A felony.  (PSR ¶ 67).  On June 16, 1992, the court sentenced Defendant to 360 months' imprisonment, followed by three years of supervised release.

In May of 1995, Defendant filed a § 2255 motion.  The court granted relief on Defendant's claim that he did not qualify for a sentencing enhancement under § 4B1.4 as a career offender after *Stinson v. United States*, 508 U.S. 36 (1993) (characterizing as binding the commentary in the Sentencing Guidelines Manual stating that unlawful possession of firearm by a convicted felon is not a "crime of violence" within the career offender guideline.).  (*See* ECF No. 123-1,

Supplemental Addendum to PSR at 8).   The revised PSR calculated a Guideline range of 262 to 327 months' imprisonment with a total offense level of 34 and a criminal history category of VI.   (ECF No. 123 at 1).   On February 18, 1997, the court vacated Defendant's sentence and imposed a new sentence of 262 months' imprisonment, crediting Defendant for time served in state custody, to be served concurrently with a 1992 State of Florida sentence, followed by three years of supervised release.   (ECF No. 65).   In its Statement of Reasons, the court noted that it was "in essence imposing the maximum term authorized based upon defendant's extensive prior arrest history and prior physical violent acts."   (ECF No. 123, Supplemental Addendum to PSR at 4).   Defendant appealed the amended judgment.   On July 24, 1998, the Eleventh Circuit Court of Appeals affirmed.  (*See* ECF No. 90).

On February 17, 2011, Defendant was released from custody and began serving his supervised release.   In 2012, the court ordered that a warrant be issued for Defendant's arrest after he violated his supervised release by committing four new law violations.   (ECF No. 91).   On October 25, 2012, the court revoked Defendant's supervised release and sentenced him to three months' imprisonment, followed by two years of supervised release.   (ECF No. 102).

On January 18, 2013, Defendant was again released from custody. Shortly thereafter in 2013, Defendant was arrested on two state felony battery charges, again violating the terms of his supervised release. (ECF Nos. 104, 115). Because Defendant's original ACCA sentence was a Class A felony, and he had a criminal history category of VI, the applicable Guideline range for the supervised release violation was 51 to 63 months' imprisonment. *See* U.S.S.G. § 7B1.4(a). On December 3, 2013, the court revoked Defendant's supervised release and sentenced him to 56 months' imprisonment, with no supervised release to follow. (ECF No. 117). The court classified the state felony battery offenses as Grade A violations in calculating Defendant's new Guidelines' range. *See* U.S.S.G. § 7B1.1(a)(1). Bureau of Prison records indicate Defendant was released from custody on June 23, 2017, and he is no longer under supervised release. *See* BOP Inmate Locater, available at http://www.bop.gov/inmateloc.

In the motion, Defendant argues that he no longer has three predicate "crime of violence" offenses to support the ACCA sentence enhancement applied in his case after the Supreme Court's decision in *Johnson* (holding that the ACCA's "residual clause" is unconstitutionally vague). (ECF No. 120 at 3-14).[1] Defendant also

---

[1] Pursuant to the Armed Career Criminal Act, ("ACCA"), a person who has three previous

Case Nos.: 3:91cr3064/RV/CJK; 3:16cv295/RV/CJK

argues that application of the ACCA enhancement directly impacted the sentence imposed after his second violation of supervised release, which would have been much lower without this enhancement.   (ECF No. 120 at 15-16).    The Government argues that Defendant's motion is successive and without merit. These arguments will not be addressed on the merits because the matter is moot in light of Defendant's release from custody.

A habeas petitioner who has been released from imprisonment after filing a § 2255 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution.   *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).   A case becomes moot when "it no longer presents a live controversy with respect to which the court can give meaningful relief."   *United States v. Al–Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (*quoting Najjar v. Ashcroft*,

---

convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence.   18 U.S.C. § 924(e)(1).   The statutory definition of a "violent felony" under the ACCA includes an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another (known as the elements clause) or (ii) is burglary, arson, or extortion, involves the use of explosives (known as the enumerated offenses clause) or otherwise involves conduct that presents a serious potential risk of physical injury to another (known as the residual clause)."    18 U.S.C. § 924(e)(2)(B)(i) and (ii).   An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4.   After *Johnson*, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.   The Supreme Court has held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.   *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016).

Case Nos.: 3:91cr3064/RV/CJK; 3:16cv295/RV/CJK

273 F.3d 1330, 1336 (11th Cir. 2001)). In other words, in order for the court to have jurisdiction over the case, "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). When a defendant's sentence has expired, there must be some "collateral consequence" of the conviction, other than the incarceration itself, to maintain the suit. *Spencer*, 523 U.S. at 7. When a defendant challenges the underlying conviction, courts have presumed the existence of some continuing injury or collateral consequence. *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011). When a defendant challenges only an expired sentence, however, the existence of a collateral consequence is not presumed, and the defendant bears the burden of identifying some ongoing collateral consequence. *Juvenile Male*, 564 U.S. at 936 (quotation omitted) (alteration in original) (holding respondent's challenge to sex offender registration was mooted when he turned 21 and his juvenile supervision had expired). *See United States v. Sanchez*, 698 F. App'x 594 (11th Cir. 2017) (holding that defendant did not meet his burden of showing an ongoing collateral consequence of the denial of a minor-role reduction since he served his term of imprisonment and had been deported). Importantly, a convict's injury may not be

contingent upon his later breaking the law and being caught and convicted. *See Spencer*, 523 U.S. at 15 (rejecting the argument that parole revocation was a collateral consequence of a conviction because it could be used to enhance a future sentence).

The key question in determining whether this case is moot asks whether events have occurred that now deprive the court of the ability to grant meaningful relief. In this case Defendant is challenging his original *sentence*, enhanced under § 924(e) of the ACCA, not his original *conviction* of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1)[2]  Because Defendant is challenging his sentence,

---

[2] To the extent Defendant is challenging the sentence imposed under the Sentencing Guidelines after his second violation of supervised release, arguing that the offenses he committed in 2013 are no longer crimes of violence after *Johnson*, the Supreme Court's recent decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), disposes of this claim.  In *Beckles*, the Court held that the Guidelines' residual clause definition of "crime of violence" in § 4B1.2(a)(2) is not subject to a void for vagueness challenge.  In addition, Defendant is foreclosed from attacking a potential misapplication of the Sentencing Guidelines that resulted in a higher sentence, but remained within the statutory maximum.  *See* 28 U.S.C. § 2255(e); *Gilbert v. United States*, 640 F.3d 1293, 1317 (11th Cir. 2011) ("To the extent of any inconsistency, the guidelines would have to bend to statutorily prescribed limits, not the other way around."); U.S.S.G. § 5G1.1(a)–(b) (stating that when the statutory maximum is less than the minimum of the applicable guidelines range, or when the statutory minimum is greater than the maximum of the applicable guidelines range, the statutory maximum and minimum prevail).  *See also United States v. Brame*, 997 F.2d 1426, 1428 (11th Cir. 1993) (holding that the statutory maximum under § 924(e) is life in prison).  Because Defendant's original conviction under §§ 922(g)(1) and 924(e)(1) carried a maximum penalty of life imprisonment, five years is the maximum term that could be imposed following the revocation of his supervised release.  *See* 18 U.S.C. § 3583(e)(3) (providing that when the underlying offense is a class A felony, the term of imprisonment imposed after revocation of supervised release may not exceed five years); 18 U.S.C. § 3559(a)(1) (classifying an offense as a class A felony if the maximum penalty is life imprisonment).

Case Nos.: 3:91cr3064/RV/CJK; 3:16cv295/RV/CJK

collateral consequences are not presumed, and he bears the burden of showing an ongoing collateral consequence which could be redressed by a favorable judicial ruling in this case. Although Defendant argues that the fact he has already completed his original term of incarceration is not a bar to the relief he seeks because he "will suffer collateral consequences as a result of being convicted of the § 924(e) offense," he fails to identify any specific collateral consequences. (ECF No. 119 at 3). As noted above, committing another criminal offense is not considered a collateral consequence because "it is contingent upon respondents' violating the law, getting caught, and being convicted. Respondents themselves are able—and indeed required by law—to prevent such a possibility from occurring." *Spencer*, 523 U.S. at 987 (citation and quotation marks omitted). Furthermore, Defendant not only has served the original sentence on the possession of a firearm conviction, but he also has completed the term of his supervised release. Defendant is under no further supervision by the court. *Compare Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995) (rejecting mootness challenge to a § 2241 petition attacking the length of the petitioner's prison term because the petitioner was "still serving his term of supervised release, which [was] part of his sentence and involves some

---

restrictions on his liberty," and success on the petition could alter the length of his supervised release term). Consequently, Defendant has not met his burden to show that any collateral consequences exist which may be remedied in this case.

## CONCLUSION

Because Defendant's challenge to his expired custodial sentence is moot, his motion should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 3:91cr3064/RV/CJK; 3:16cv295/RV/CJK

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's Motion to Correct Sentence under 28 U.S.C. § 2255, ECF No. 119, be **DISMISSED as moot**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 26th day of December, 2017.

*/s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 3:91cr3064/RV/CJK; 3:16cv295/RV/CJK

## **NOTICE TO PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.